Ms. Mylinda Cheatham 611 Crestwood Camden, AR 71701
Dear Ms. Cheatham:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107).
It is my understanding that a request has been presented to the State Highway Department for the following records:
 • A letter of complaint sent to the Department by a former employee concerning a current employee of the Department
 • Transcripts of interviews conducted by the Department with you and other employees of the Department in response to the letter of complaint referenced above
It is my further understanding that the person who has requested these records is the person who was the subject of the complaint and of the subsequent investigation. You object to the release of the interview records.
I am directed by law to issue an opinion as to whether the determination of the custodian of the records regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B). It is my understanding that the custodian has not, as of yet, made a determination as to whether the records should be released.
It is my opinion, as explained more fully below, that these records should be released to the requestor. However, as also explained below, if the custodian can make a factual determination that the identities of the other employees whose names are reflected in these records should be protected, these names and other personal identifiers of these employees should be redacted from the records prior to their release.
The Complaint Letter
It is my opinion that the complaint letter constitutes the requestor's "personnel record." This office has taken the general position that "personnel records" are all records other than employee evaluation and job performance records[1] that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. Nos. 2000-059; 99-244; 99-147, citing Watkins, The Arkansas Freedom of Information Act
(m m Press, 3rd Ed., 1998) at 134. Moreover, this office has specifically found that unsolicited complaints about employees constitute those employees' personnel records. See Op. Att'y Gen. No. 2000-058.
Under the FOIA, a person about whom personnel records and employee evaluation/job performance records are maintained is entitled to have access to those records, even if the records would be exempt from disclosure to the public. A.C.A. § 25-19-105(c)(2).
Therefore, even though the complaint record may be exempt from disclosure to the public,[2] it must nevertheless be released to the requestor. (However, as discussed later in this opinion, it may be necessary to redact certain information from this record prior to its release.)
The Interview Records
This office has taken the position that statements of employees that are solicited as a part of an investigation by the employer into the conduct of the employee about whom the statements are made, should be deemed the "employee evaluation/job performance records" of that employee. See Ops. Att'y Gen. Nos. 98-001; 96-342; 96-257; 96-324. It is therefore my opinion that the transcripts of the interviews constitute the "employee evaluation/job performance records" of the person who was being investigated. As previously indicated, it is my understanding that the person who has requested these records is the person who was the subject of the investigation. The interview records therefore constitute this person's own employee evaluation/job performance records.
"Employee evaluation/job performance records" are exempt from disclosure to the public unless the following three conditions have been met: (1) There has been a final administrative resolution of any suspension or termination proceeding; (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and (3) There is a compelling public interest in the disclosure of the records in question. A.C.A. § 25-19-105(c)(1). It is my understanding that the employee who is the subject of the interview records has never been suspended or terminated. Therefore, these records cannot be disclosed to the public.
Nevertheless, they must, under the provisions of A.C.A. §25-19-105(c)(2), discussed above, be made available to the requestor, because they are her own employee evaluation/job performance records.
The Privacy Interest of the Other Employees
Nevertheless, because both the complaint letter and the interview records contain the names of other employees, it is possible that they may give rise to a privacy interest of these other employees that should be protected. A determination of whether these records do give rise to such a protectable interest requires that certain factual determinations be made. Only the custodian of the records is in a position to make such a determination, based upon the information that is available to the custodian. You state that your objection to the release of these records to the requestor is based on a concern for the safety of your family. In my opinion, a concern of this nature could (if the facts so indicate) rise to the level of a protectable constitutional privacy interest. Accordingly, it is my opinion that if the custodian of the records makes the appropriate factual determination, as discussed below, the names of other employees that are reflected in the records that have been requested, and any other personal identifiers of these employees, should be redacted prior to their release to the requestor. See Ops. Att'y Gen. Nos. 2000-058; 96-356.
The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v. City ofLittle Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. The McCambridge court specifically recognized that family relationships can carry a constitutionally protectable privacy interest. Id. at 230, citing Paul v. Davis, 424 U.S. 693, 713 (1976).
If the custodian of the records determines factually that the concern you have expressed meets the three prongs of test laid out by theMcCambridge court, the custodian must then consider whether the governmental interest in disclosure under the Act (i.e., a the public's legitimate interest in the matter) outweighs your privacy interest in their non-disclosure. Again, this determination will be a factual one, based upon the information available to the custodian. If the custodian determines that your privacy interest in protecting your identity in connection with the interview outweighs the public's interest in knowing your identity, the custodian should redact your name and personal identifiers from the record before it is released. Likewise, the custodian should redact the names and personal identifiers of other employees whose privacy interest should be protected.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] This office has taken the position that an unsolicited complaint about an employee by another employee does not constitute an "employee evaluation/job performance record" and therefore is not entitled to the exemption that is sometimes available for such records. See A.C.A. §25-19-105(c)(1); Ops. Att'y Gen. Nos. 2000-166; 99-026; 96-033. It is my understanding that the complaint letter that has been requested was unsolicited. I note that even if it had been solicited, and could otherwise be deemed an "employee evaluation/job performance record," it must nevertheless be made available to the subject of the record. A.C.A. § 25-19-105(c)(2).
[2] Under the FOIA, "personnel records" must be released unless their release would constitute a "clearly unwarranted invasion of the personal privacy" of the subject of the records. A.C.A. § 25-19-105(b)(10). I have not been presented with the question of whether the release of the complaint letter to the public would constitute a clearly unwarranted invasion of the requestor's privacy, and I therefore do not address that question.